

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) ) | CV-01-H-0901-S |
| ELECTRONIC DATA SYSTEMS CORPORATION, | ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Lafayette Hodges who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Defendant Employer discriminated against Lafayette Hodges on the basis of his sex in assignment of his work schedule to such an intolerable extent that he was unable to work the assigned schedule and the Defendant Employer terminated his employment as a business analyst.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Electronic Data Systems Corporation (the "Employer"), has continuously been a Delaware corporation doing business in the State of Alabama and the City of Hoover, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lafayette Hodges filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about July 6, 1999, Defendant Employer engaged in unlawful employment practices at its Hoover, Alabama facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular, Defendant Employer modified Lafayette Hodges' work schedule to

such an extent that he was unable to work it as modified and take care of his family. Defendant Employer refused a request by Lafayette Hodges to set his work schedule in a way that would allow him to continue working and instead terminated his employment while it granted such a request by a similarly situated employee of the opposite sex from Layfayette Hodges.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Lafayette Hodges of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Lafayette Hodges.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discriminatory assignment of work schedules on the basis of sex and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for men, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Lafayette Hodges, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement of Lafayette Hodges.

D.   Order Defendant Employer to make whole Lafayette Hodges, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 above, including relocation expenses, job search expenses, any unreimbursed medical expenses and loss of earning potential, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Lafayette Hodges by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Lafayette Hodges punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, Northwest
Washington, DC 20507


_____
CHARLES E. GUERRIER (OH 0023546)
Regional Attorney


_____
MILDRED BYRD (LA 03741)
Supervisory Trial Attorney


_____
J. MARK GRAHAM (LA 06216)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 731-1172